OPINION OF THE COURT
Dan Lamont, J.
The maternal natural "grandparents” of George B. have moved pursuant to Family Court Act § 1035 (f) for leave to intervene in this child protective proceeding. The Department of Social Services opposes the application: (1) upon the ground that the movants lack standing to intervene; and (2) upon the *958 further ground that movants are not suitable to assume care of the child.
For the reasons which follow, this court holds and determines that such motion for intervention should be denied.
THE STATUTE
Family Court Act § 1035 (f) provides in applicable part as follows: "(f) The child’s adult sibling, grandparent, aunt or uncle not named as respondent in the petition, may, upon consent of the child’s parent appearing in the proceeding * * * move to intervene in the proceeding as an interested party intervenor for the purpose of seeking temporary or permanent custody of the child, and upon the granting of such motion shall be permitted to participate in all arguments and hearings insofar as they affect the temporary custody of the child during fact-finding proceedings, and in all phases of dispositional proceedings. Such motions for intervention shall be liberally granted.”
The Sponsor’s Memorandum in support of the law (Family Ct Act § 1035 [f], amended by L 1986, ch 699, eff Aug. 29, 1986) indicated its purpose was to give close relatives of the child the right to intervene under certain circumstances in order to seek to assume care of the child insuring that "close relatives will be utilized more often as alternative custodians * * * rather than foster care placements [with a stranger] and satisfies [sic] the preference for keeping a child within his or her family.” (1986 NY Legis Ann, at 297.)
(1) STANDING
Both natural parents of the child are respondents and have appeared in this neglect proceeding, and have consented upon the record that the maternal natural "grandparents” be permitted to intervene. The Department of Social Services contends that Dorothy and Jerry T. lack any standing under the statute because they surrendered their own natural daughter, Amanda B., for adoption subsequent to child protective proceedings against them, and that Amanda B. was thereafter legally adopted. Dorothy T. and Jerry T. and Amanda B. concede the surrender and the subsequent legal adoption, but allege that the surrender was exacted under duress and misinformation, and that subsequent to the adoption, Amanda B., when she reached age 16, returned to reside with her natural parents.
*959 This court holds and determines that upon surrendering their daughter Amanda B. for adoption and her subsequent legal agency adoption by others, the movants lack legal standing as grandparents to intervene under Family Court Act § 1035 (f) (see, Domestic Relations Law § 117).
(2) SUITABILITY
Furthermore, this court takes judicial notice of a proceeding for temporary custody under article 6 of the Family Court Act entitled Dorothy T. and Jerry T. against Amanda and George B., wherein the aforesaid parties appeared before this court on July 28, 1992. All of the aforesaid parties engaged in such a heated argument with the 3 Vi-month-old infant present in open court on July 28, 1992, that the undersigned Family Court Judge made an order pursuant to Family Court Act § 1034 directing the Department of Social Services to investigate both the petitioner "grandparents” and respondent parents to determine whether child protective proceedings under Family Court Act article 10 should be initiated against any of them. The instant neglect proceeding involves an alleged altercation between respondents Amanda B. and George B. later that day, as well as allegations that another child of the respondents was adjudged neglected in Otsego County Family Court and placed in the care and custody of the Otsego County Commissioner of Social Services.
Furthermore, this court is now informed that the T.s were respondents in prior child protective proceedings involving their own children, including their daughter Amanda, which resulted in their own children being adjudged neglected and placed in foster care. The Department of Social Services has already investigated Dorothy and Jerry T. in connection with this proceeding and have reported that they are not fit custodians for the child.
The conduct and actions of the movants, along with their history of prior litigation involving their own children and involving George B., further necessitates that this court deny leave to intervene notwithstanding the statute’s provision that these motions be liberally granted (see, Matter of Ricky P., 135 Misc 2d 28 [Fam Ct, NY County 1987]).
*960 CONCLUSIONS
This court holds and determines that the application for leave to intervene should be and the same hereby is denied based upon both: (1) lack of standing; and (2) the demonstrated lack of suitability of the applicants to assume care of the child.